## STATE COURT OF APPEALS, Continued

No. 741

CONN et., Trustees, v. JONES, Treasurer

Ohio Appeals, 3rd Dist., Van Wert Co.

No. 96.    Decided June 24, 1925

1157.  TAXATION—Where relief is sought by way of injunction, and the General Code sets forth a different method of relief, that sought for originally will not be granted.

HUGHES, J.

Harry L. Conn et al, as trustees, brought an action in the Van Wert Common Pleas to restrain John J. Jones, the county treasurer, from collecting taxes on certain real estate in the hands of the trustees for 1922 and 1923, upon the theory that the property is that of the Marsh Foundation, a purely charitable institution, and that the property sought to be taxed, is exempt from taxation under the laws of the state.

The Common Pleas denied Conn the relief sought and the case was appealed to the Court of Appeals which held:

1.  It will not be necessary to discuss the questions touching the question of exemption of the property from taxation if there is complete relief provided for by the Code for grievances complained of by Conn; it being conceded that no effort was made to procure relief in any other manner than by injunction.

2.  Under the chapter beginning with 5579 GC. it is clear that the legislature reposed in the tax commission the complete direction and supervision of the taxing and assessing of all property in the state.

3.  Within the provisions of this chapter there is a provision made for hearing and determining all complaints of any person relative to any question respecting the liability of his property placed upon the tax duplicate or respecting and exemption therefrom.

4.  Provisions are therein made for the hearing and determination of all such questions and since this chapter affords to Conn full and complete administrative remedies for correction of the wrong complained of, and having failed to pursue these remedies, the relief of injunction cannot be decreed as prayed for.

Attorneys—Conn, Hoke & Wright, Van Wert and Wilson & Rector, Columbus, for Conn; John I. Miller, Van Wert, and C. C. Crabbe, Columbus, for Jones.

No. 742

UNION GAS & ELEC. CO. v. HOLLEN, Admr.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2493.  Decided Dec. 15, 1924

452.  EMPLOYER AND EMPLOYE—Evidence should be offered as to how long decedent would have worked in expectancy of twelve years, in order to calculate the amount earned per year.

PER CURIAM.

Patrick Hoctor received an injury, as it was claimed through the negligence of the Union Gas & Electric Co., from the effect of which he died.  Action was brought in the Hamilton Common Pleas by Stephen Hollen, administrator, and a judgment of $5000 was recovered.

Error was prosecuted to the Court of Appeals.  It seems that Hoctor was 64 years of age and was a stone cutter by trade, earning $35 to $40 a week, and more.

It was stated that his expectancy of life was twelve years.  The Court held:

1.  The record is silent as to the number of weeks he worked a year, nor is there any evidence determining the number of weeks a stone cutter would work a year, due to weather and conditions of the trade, or whether a man with expectancy of 12 years could continue to earn during those 12 years the amount that he was earning before his injury.

2.  Failure to offer such evidence left the jury without any basis on which to calculate the amount he earned per year, and the number of years that a man of his age would be expected to earn money as a stone cutter.

3.  The verdict was excessive.  It was not returned under influence of passion of prejudice, but was given under a mistake of fact.  Judgment of the court below will be reduced to $3000 and as, modified will be affirmed.

Attorneys—J. W. Heintzman for Company; Thos. B. Slattery and Anthony B. Dunlap for Hollen; all of Cincinnati.